Joseph Life, J.
This is a proceeding pursuant to article 78 of the CPLR whereby petitioner seeks reinstatement as a department chairman and tenure in such position. The petitioner is employed as a foreign language teacher by respondent and has served as chairman of the foreign language department since her appointment in September of 1963. In September of 1966 she was granted tenure as a foreign language teacher. In March of 1969, the Superintendent of Schools notified petitioner that he did not intend to recommend that she be continued as department chairman. It is petitioner’s position that she has acquired tenure as a department chairman and may not be removed from that position except upon formal charges pursuant to section 3012 of the Education Law.
.Although it is alleged that the petitioner while serving as department chairman contributed more than 50% of her time in that capacity, no factual support for that conclusion is given. On the other hand, it appears without contradiction that petitioner has in fact served as a teacher for at least 80% of a normal teaching load. Her service as a department chairman clearly has been on a part-time basis. The concept of tenure in a specific area has been approved by our courts, which have held that part-time service in an area in addition to that to which a teacher has been appointed will not form the basis for additional tenure rights (see Matter of Becker v. Board of Educ., 9 N Y 2d 111, 116-118). In determining the tenure in the capacity in which a teacher is employed, the Commissioner of Education has applied the test of whether the teacher has spent more than half of his time in the performance of duties within the particular area (see, e.g., Matter of Angel, 3 Ed. Dept. Rep. 238). Generally such a determination by the Commissioner is given great weight (Matter of Nyboe v. Allen, 7 A D 2d 822). In the present case, however, it appears that by agreement entered into by the respondent board pursuant to article 14 of the Civil Service Law, tenure as a department chairman is granted where the service in such position is less than 50%, the test provided by the agree *381 ment being apparently 40%. The petitioner here fails to prove that she comes even within the lesser requirement of the agreement. The notice of motion here asked for the answering affidavits to be submitted before the return date and although they were received well in advance of the date when the motion was finally submitted, petitioner served no reply thereto.
The petition is dismissed.